UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FRANK C. THERRELL AND MARIE C. THERRELL                    PLAINTIFFS

V.                                            CIVIL ACTION NO. 1:06cv151-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                       DEFENDANT

## ORDER

In *Smith v. State Farm Fire and Casualty Co.*, No. 1:07cv77, objections were filed on behalf of David Haddock with respect to the denial of a protective order by the United States Magistrate Judge. Not only were the styles and numbers of the instant case and another (*Stevens v. State Farm Fire and Casualty Co.*, No. 1:06cv175) included on the heading of the filed objections in *Smith*, Haddock's counsel also purported to make the same objections in "All Other applicable Katrina cases that the firm of Owen & Galloway [Plaintiffs' counsel] have pending in federal court against State Farm, that may be affected by 'Order Regarding Haddock Deposition and CAT PL Disk,' issued by United States Magistrate Judge Robert H. Walker on 5/29/07."

The impractical results of these efforts on Haddock's behalf are that 1) the objections were entered by Haddock's counsel on the *Smith* docket as a Response to Order instead of a Motion for Review; and 2) the objections (no matter how denominated) were not filed in the instant docket, the one in *Stevens,* or, presumably, in the catch-all "other applicable Katrina cases." The first is a common error, and will be addressed by the Clerk's office in the future so that the appeals can be monitored on the Court's pending motions list. Even in this age of electronic filing, however, convenience is not served by the second action. Objections should have been filed in each affected cause of action.

Nevertheless, Haddock feels aggrieved by the Magistrate's Orders, and at least facially it appears that he attempted to perfect an appeal in the instant case. The Court does not wish to deprive him of the ability to pursue lawful relief or to render meaningless the right to raise objections (of course, by this order, no opinion is expressed on the merits of Haddock's challenge).

Accordingly, **IT IS ORDERED**:

Counsel for David Haddock shall immediately file the document (docketed at [57] in *Smith*, *supra*) in the instant cause of action and in each applicable case in which Haddock feels aggrieved by the denial of the subject protective order by the United States Magistrate Judge;

When electronically filing said document, Haddock's counsel shall identify it as a Motion

for Review;

Upon the filing of said document, the time for Plaintiffs' response shall commence;

Production of the CAT PL disk or documents contained thereon shall not be made until further order of the Court;

A similar Order will be entered in *Stevens v. State Farm Fire and Casualty Co.*, Civil Action No. 1:06cv175.

**SO ORDERED** this the 29th day of June, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE